UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNULFO ANDRES BORREGO ANDRADES,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-07695-HBK (HC)

A-Number: 245-319-297

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART[1]

(Doc. 1)

Petitioner Arnulfo Andres Borrego Andrades, an immigration detainee proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). He contends that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. He requests immediate release or, alternatively, an individualized bond hearing before an immigration judge at which the government bears the burden of establishing, by clear and convincing evidence, that continued detention is warranted. (*Id*. at 17).

Respondents acknowledge that 8 U.S.C. § 1226(a) governs Petitioner's detention and that he is entitled to seek a bond hearing under that provision. (Doc. 12). In reply, Petitioner disputes

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 16).

Respondents' evidence supporting his re-detention. (Doc. 13).

For the reasons below, the Court grants the Petition in part. Respondents must provide Petitioner with a prompt, individualized bond hearing subject to the procedural protections specified in this Order. The Court declines to order his immediate, unconditional release.

## I. BACKGROUND

Petitioner is a native and citizen of Colombia. He entered the United States without inspection on or about October 3, 2023, and was detained shortly thereafter. (Doc. 12 at 11). On October 4, 2023, U.S. Immigration and Customs Enforcement ("ICE') released him on an Order of Release on Recognizance (OREC). (*Id*. at 22). Petitioner was also served with a Notice to Appear ("NTA") charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i), based on his presence in the United States without admission or parole. (*Id*. at 16).

On May 14, 2026, Petitioner was arrested on allegations of felony domestic violence, assault with a deadly weapon, and misdemeanor false imprisonment. (*Id*. at 7, 24-28). On August 7, 2026, ICE arrested Petitioner at a scheduled check-in and returned him to immigration custody based on alleged violations of the conditions of his release. (*Id*. at 7). Petitioner disputes the evidence offered to justify that detention. (Doc. 13).

Petitioner remains detained by ICE at the Mesa Verde Detention Facility. (Doc. 1). The record before the Court does not establish that, following his re-detention, he received an individualized custody hearing before a neutral decisionmaker.

## II. APPLICABLE LAW

### A. Habeas Jurisdiction

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

////

Petitioner challenges thee constitutional adequacy of the procedures supporting his detention, not the merits of his removal proceedings or the correctness of a discretionary bond determination already made by an immigration judge. His claim is therefore independent of any determination of removability and falls within the Court's habeas jurisdiction.

B. Detention Under § 1226(a)

Section 1226(a) authorizes detention pending a decision on removal and permits release on bond or conditional parole. *Rodriguez Diaz v. Garland*, 53 F.4th at 1196 (9th Cir. 2022). A noncitizen detained under that provision may request a custody redetermination before an immigration judge and ordinarily bears the burden of establishing that release is warranted. *Jennings*, 583 U.S. at 306; *Matter of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).

An adverse custody detention may be appealed to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3). Following an initial custody redetermination, a detainee may request another hearing upon a showing of materially changed circumstances. 8 C.F.R. § 1003.19(e); *Rogriguez Diaz*, 53 F.4th at 1197.

The parties agree that § 1226(a) governs Petitioner's present detention. The Court therefore need not resolve any dispute concerning the applicable statutory detention framework. The remaining question is whether the procedures afforded to Petitioner satisfy due process under the circumstances of his re-detention.

C. Procedural Due Process

The Fifth Amendment protects persons within the United States, including noncitizens, from deprivation of liberty without due process of law. *Trump v. J.G.G.*, 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993)*; Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The process required depends on the nature of deprivation and the circumstances of the case. *Zadvydas*, 533 U.S. at 693. A procedural due process requires consideration of whether a protected liberty interest exists; and, if so, what process is due. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *Garcia v. Andrews*, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

In assessing a procedural challenge to detention under § 1226(a), the Ninth Circuit has applied the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Rodriguez Diaz*, 53 F.4th at 1206-14. That framework considers: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards; and (3) the government's interests, including the fiscal and administrative burdens that additional procedures would impose. *Mathews*. 424 U.S. at 335.

III. DISCUSSION

A. Petitioner Has a Protected Liberty Interest in Continued Release

ICE released Petitioner on his own recognizance in October 2023, and he remained in the community until his re-detention in August 2026. (Doc. 12 at 7, 22). His claim thus concerns not only an interest in obtaining release from initial immigration custody, but also an interest in preserving the conditional liberty he had already exercised for a substantial period.

Discretionary release reflects a determination that the noncitizen does not present a danger or flight risk warranting detention. *See Rodriguez Diaz*, 53 F.4th at 1196; *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom*, *Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). Courts considering the re-detention or previously released noncitizens have recognized a protected liberty interest in continued release. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032-33 (N.D. Cal. 2025); *Solano v. Robbins*, 2025 WL 3718831, at *6 (E.D. Cal. Dec. 23, 2025) (collecting cases). That interest does not confer immunity from re-arrest or prevent the government from responding when there is evidence of changed circumstances. But it does require constitutionally adequate procedures for determining whether re-detention is justified.

The allegations underlying Petitioner's May 2026 arrest are serious. They may bear directly on whether he presents a danger to the community and whether the conditions of his release were violated. But their seriousness does not eliminate Petitioner's liberty interest or resolve the factual disputes concerning his re-detention. Indeed, those disputes underscore the need for an individualized review rather than dispensing with it.

////

B. The *Mathews* Factors Require Prompt, Neutral Review of Continued Detention

To determine what process is due, the Court applies the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Although the Ninth Circuit has noted that the Supreme Court has not expressly applied *Mathews* to constitutional challenges to immigration detention, district courts in this circuit regularly apply it to the re-detention of previously released noncitizens. *See Rodriguez Diaz*, 53 F.4th at 1206–07; *A.E. v. Andrews*, 2025 WL 1424382, at *4 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025). The Court follows that approach without deciding whether *Mathews* supplies an all-encompassing test for such claims.

1. Petitioner's Private Interest

Petitioner's interest in freedom from physical confinement is substantial. Freedom from physical restraint lies at the core of liberty protected by the Due Process Clause. *Zadvydas*, 533 U.S. at 690. Re-detention also interrupts the community ties and ordinary activities that were made possible by prior release. *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017).

Petitioner's prior release was not a guarantee that he would remain at liberty regardless of subsequent events. Nonetheless, the prior conditional release does not render it constitutionally insignificant. Thus, the first *Mathews* factor weighs in Petitioner's favor

2. Risk of Erroneous Deprivation and Value of Additional Safeguards

The second factor, the risk of erroneous deprivation and probable value of additional safeguards, also favors Petitioner. Respondents rely on the alleged violations of Petitioner's release conditions, and Petitioner disputes the evidence offered to support re-detention. (Docs. 12, 13). The record does not establish that a neutral decisionmaker has considered these competing positions or determined whether continued confinement is necessary.

An arrest and allegations of misconduct may support a custody determination. They do not, however, without individualized assessment, conclusively establish either a violation of release conditions or a present need for continued immigration detention. A custody hearing before a neutral decisionmaker would permit examination of the evidence underlying the alleged violations, the significance of that evidence to current dangerousness or flight risk, Petitioner's

response, and the availability of conditions that could adequately address any identified risk.

While Respondents acknowledge that Petitioner is eligible for a bond hearing, that acknowledgment does not substitute for a meaningful and timely review of his continued confinement. A prompt hearing before a neutral declinometer would materially reduce the risk that disputed allegations will result in unjustified detention. *See A.E.*, 2025 WL 1424382, at *5.

3. Government Interests

The third factor concerns the government's interest and burdens of additional process. The government has a substantial interest in enforcing immigration laws, protecting the public safety, and ensuring appearance at removal proceedings. The allegations underlying Petitioner's arrest implicate the public-safety interest and cannot be dismissed as inconsequential.

Those interests, however, do not establish that continued detention without neutral review is necessary. Respondents do not explain why providing a prompt, individualized hearing would unduly impair legitimate enforcement objectives or impose more than a minimal fiscal or administrative burden. *See J.A.E.M. v. Wofford*, 2025 WL 3013377, at *7 (E.D. Cal. Oct. 27, 2025); *Noori v. LaRose*, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025); *A.E*, 2025 WL 1424382, at *5.

Thus, while the government's legitimate interests may support careful adjudication of the asserted grounds for detention, they do not support continued confinement based solely on an unreviewed custody determination.

4. Balance of Factors

Taken together, the *Mathews* factors weigh in Petitioner's favor and establish that he is entitled to a prompt, meaningful review of the necessity for continued detention. The Court thus concludes that Petitioner's continued confinement following re-detention without a prompt review by a neutral decisionmaker violated his procedural due process rights.

## IV. REMEDY

The remaining issue is the remedy required for Petitioner's due process violation. Due process ordinarily requires an opportunity to be heard before a deprivation, although a prompt post-deprivation hearing may suffice when advance process is impracticable. *See Zinermon v.*

*Burch*, 494 U.S. 113, 127–28 (1990). The remedy must address the procedural violation established without unnecessarily displacing the government's authority to make a lawful, individualized custody determination.

Immediate release may be warranted when ICE's justification for re-detention is pretextual or the petitioner complied with release conditions. *See E.A.T.-B. v. Wamsley*, 2025 WL 2402130, at 4 (W.D. Wash. Aug. 19, 2025); *Arzate v. Andrews*, 2025 WL 2230521, at *7 (E.D. Cal. Aug. 4, 2025). By contrast, a prompt post-deprivation bond hearing may suffice when the record reflects disputed release violations and ICE's reliance on those violations is not obviously pretextual, particularly where advance notice and a hearing could be impracticable or encourage flight. *See Martinez Hernandez v. Andrews*, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025). In those circumstances, review by a neutral decisionmaker reduces the risk of erroneous detention without requiring immediate release. *M.R.R. v. Chestnut*, 2025 WL 3265446, at *11–12 (E.D. Cal. Nov. 24, 2025).

Immediate, unconditional release is not warranted on the present record. Respondents have identified alleged violations of Petitioner's release conditions, and the record includes allegations of serious misconduct. (Doc. 12 at 7). Although Petitioner disputes the evidence, the Court cannot resolve those disputes. Nor does the record permit a finding that the asserted grounds were plainly pretextual.

These circumstances support a prompt, procedurally adequate custody hearing rather than unconditional release. Balancing Petitioner's substantial liberty interest, the disputed basis for re-detention, the absence of neutral review, and the government's ability to present it grounds for confinement through established hearing procedures, the Court concludes that the government must establish by clear and convincing evidence that continued detention is necessary because Petitioner poses a danger to the community or flight risk that cannot be adequately addressed through appropriate conditions of release. *See Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011); *Yosseline P.G. v. Noem*, 2026 WL 183732, at *5 (E.D. Cal. Jan. 23, 2026); *J.E.H.G. v. Chestnut*, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025).

////

This conclusion is limited to the circumstances presented in this case. The Court does not hold that every person detained under 1226(a), or every previously released noncitizen who is re-arrested, is automatically entitled to the same allocation or standard of proof.

Because this relief resolves the procedural due process claim on which the Court grants the Petition, the Court does not reach Petitioner's separate claim concerning prolonged detention.

Accordingly, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is GRANTED IN PART to the extent set forth in this Order. Petitioner's request for immediate release is DENIED.
2. Within fourteen (14) days after entry of this Order, Respondents shall either release Petitioner on appropriate conditions or provide him with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id*. at 1203. The hearing shall be recorded, and the recording shall be preserved. *Id*. at 1208-09. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge shall consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
3. Petitioner may agree to a later hearing date, provided that his agreement is knowing, voluntary, and documented on the record.
4. Petitioner shall receive notice of the hearing at least 72 hours in advance, unless he knowingly and voluntarily waives the notice period. Any counsel who has entered an appearance in Petitioner's immigration proceedings shall receive the same notice. Petitioner shall be permitted to participate meaningfully in the hearing and to be represented by counsel of his own choosing at no expense to the government.
5. The Clerk of Court is directed to serve a copy of this Order on the Warden of Mesa Verde Detention Facility in Bakersfield, California.

6. The Clerk of Court is directed to enter judgment granting the Petition in part, terminate any remaining motions and deadlines, and close this case.

Dated: November 19, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE